# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
      **Plaintiff,**

      v.                          **Criminal Action No. 1:06CR9-2**

**STEPHANIE JO FRIDLEY,**
      **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

On the 12th day of May, 2006, came the United States of America and Thomas Johnston, United States Attorney for the Northern District of West Virginia, by Zelda E. Wesley, Assistant United States Attorney, and also came the Defendant in person and by her attorney, Thomas W. Kupec, for proceedings pursuant to Federal Rule of Criminal Procedure 11.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count Three of the Indictment. Counsel for the government advised the Court that the agreement to plead guilty in this case had been reduced to a written plea agreement which the Court had counsel for the Government summarize for the Court in the presence of Defendant. Counsel for Defendant then stated that the summarization of the written plea agreement was correct.

Thereupon, the Court placed Defendant under oath, and thereafter inquired of Defendant's counsel as to Defendant's understanding of her right to have an Article III Judge hear her plea and her willingness to waive that right, and instead have a Magistrate Judge hear her plea. Thereupon, the Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily

waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Stephanie Jo Fridley, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court.

The Court ORDERED the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count Three of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Three of the Indictment, the impact of the sentencing guidelines on sentencing in general, and

inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her, and understood the possible maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a tem of at least one (1) year but not more than forty (40) years; understood the maximum fine that could be imposed was $2,000,000.00; understood that both fine and imprisonment could be imposed; understood she would be subject to a period of at least six (6) years of supervised release; and understood the Court would impose a special assessment of $100.00 for the felony conviction payable on or before the date of sentencing. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated May 9, 2006, and signed by her on May 12, 2006, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, her counsel and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Three of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Judge, and the undersigned would further

3

order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Judge had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Judge make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate, and agree that the total relevant conduct of the defendant is at less than five (5) grams of heroin.

The undersigned then inquired of Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw her plea of Guilty to Count Three of the Indictment.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained in Count Three of the Indictment, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which

she expected. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to have her plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her conditional waiver of her direct and collateral appeal rights as contained in the written plea agreement, and determined she understood those rights and voluntarily gave them up under the conditions set as part of the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count Three of the Indictment, including the elements the United States would have to prove at trial, charging her with aiding and abetting in the distribution of heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 860, and Title 18, United States Code, Section 2.

The Court then received the sworn testimony of Sgt. Joe Adams of the West Virginia State Police Bureau of Criminal Investigation, and Defendant's under-oath allocution to or statement of why she believed she was guilty of the charge contained in Count Three of the Indictment.

Sgt. Adams testified he was working in an undercover capacity and made a controlled purchase of heroin from Defendant and her co-defendant Joshua Guidotti on December 29, 2004, in exchange for $200.00. The controlled purchase took place in the Kroger parking lot on Patteson Drive, in Morgantown, West Virginia, within the Northern District of West Virginia. That location is within 1000 feet of the Suncrest Middle School, as confirmed by measurement with a laser gun. The heroin was tested at the State Police Laboratory where it was determined to be 1.407 grams of heroin.

The defendant then testified she believed she was guilty of the crime charged in Count Three of the Indictment because she was with Joshua Guidotti and sold heroin to an undercover officer in Morgantown.

From the testimony of Sgt. Adams, the undersigned Magistrate Judge concludes the offense charged in Count Three of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Defendant's allocution and the parties' stipulation contained in the written plea agreement.

Thereupon, Defendant, Stephanie Jo Fridley, with the consent of her counsel, Thomas W. Kupec, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Three of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in Count Three of the Indictment.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained Count Three of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in Count Three of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the

Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Defendant is continued on release pursuant to the Order Setting Conditions of Release entered in this matter.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 19th day of May, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE